REDMANN, Judge.
Defendant cab company appeals from a $1,098 judgment for damages from a vehicular collision in which plaintiff wife, a fare-paying passenger in defendant’s cab, was injured. (The other defendant, the driver of the other car, was not served.)
Defendant disputes only liability.
Defendant’s cab was moving within the 35-mph speed limit in its left-hand lane on a boulevard street when a car which had been parked at the right curb, some two car lengths before an intersection, pulled out and crossed the two traffic lanes to make a left turn at the intersection. Defendant’s driver testified he saw the other driver angling out from the curb, but the other driver saw him and defendant’s driver felt the other would respect defendant’s right of way and stop. Defendant’s driver therefore did not brake or swerve until the other driver in fact darted out, at which time braking on the mist-dampened street was ineffective to avoid the collision.
We find no error in the trial court’s conclusion that defendant’s driver’s testimony does not exculpate defendant. He could have stopped or (as he said, “if I knew he was going to go”) passed to the right of the other car, had he taken defensive measures when he first saw that car. His description was that that car was “ready to take off from the curb, in fact, he was out a little ways * * * pulling out and looking right at me * * We conclude that the highest degree of care owed by a common carrier to its fare-paying passengers obliged the driver (towards his passenger) to slow down under the circumstances, to drive defensively upon the realization that the other driver, already in the act of pulling out, might not stop for the -cab.
The judgment is affirmed.